IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO:** _____ |
| v. | : | **DATE FILED:** _____ |
| **WILLIE JORDAN** | : | **VIOLATIONS:**<br>**18 U.S.C. § 1343 (wire fraud – 2 counts)**<br>**Notice of forfeiture** |
| | : | |

## INFORMATION

### COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to Count One of this information:

1.   Religious Organization #1 was an organization and a church known to the United States Attorney and located in Philadelphia, Pennsylvania. Religious Organization #1 served several hundred parishioners in the Philadelphia area.

2.   Defendant WILLIE JORDAN was a deacon and trustee for Religious Organization #1. Defendant JORDAN was responsible for managing and overseeing various financial matters involving Religious Organization #1, including collecting funds for Religious Organization #1, depositing those funds in the bank accounts of Religious Organization #1, and paying the expenses of Religious Organization #1. Religious Organization #1 placed defendant JORDAN in a position of trust and allowed him to exercise almost total control over the funds of Religious Organization #1. Defendant JORDAN did not receive a salary from Religious Organization #1. Rather, he received his salary from the Commonwealth of Pennsylvania, where he was a Director of Operations for a state senator.

## THE SCHEME TO DEFRAUD

3. From at least in or about January 2020 through at least in or about January 2024, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

## WILLIE JORDAN

knowingly and intentionally devised and intended to devise a scheme and artifice to defraud Religious Organization #1 and to obtain money in the control of Religious Organization #1, by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

It was part of the scheme that:

4. During the time that defendant WILLIE JORDAN served as a deacon and trustee for Religious Organization #1, defendant JORDAN exploited Religious Organization #1 for his personal financial benefit. On a regular basis, defendant JORDAN improperly issued checks to himself from Religious Organization #1's business checking account (account ending in #1479) at Citizens Bank. Defendant JORDAN made it appear that such checks were to reimburse defendant JORDAN for expenses that he incurred on behalf of Religious Organization #1. In fact, defendant JORDAN did not incur those expenses and simply issued those checks for his personal benefit. Defendant Jordan engaged in this activity fraudulently and without the knowledge or permission of Religious Organization #1, its trustees, or members.

5. Defendant WILLIE JORDAN was an authorized signer of checks issued from Religious Organization #1's bank account. Checks issued from the organization's bank account required the signature of two trustees. Defendant JORDAN improperly, and through misrepresentations to other authorized signers, obtained the signatures of other trustees on the

2

checks that purported to reimburse himself for expenses that he falsely stated he had incurred. Defendant JORDAN negotiated the checks he improperly issued to himself and used the proceeds for his personal expenses.

6. To conceal the fraudulent scheme from Religious Organization #1 and authorities, defendant WILLIE JORDAN often included notations in the memo lines of the checks to make them appear legitimate. For example, in many instances, defendant JORDAN noted in the memo line an event or similar activity with expenses for which he was requesting reimbursement, such as "Summer Youth Program 2020," "Back to School Program 2021," "Easter Baskets 2022," and "Recognition Day 2022." Defendant JORDAN wrote the notations to refer to programs that appeared legitimate and that Religious Organization #1 could have engaged in, when in fact, there was no such program and defendant JORDAN did not incur those expenses.

7. As part of this scheme, defendant WILLIE JORDAN issued approximately 82 fraudulent checks to himself totaling approximately $57,384. Defendant JORDAN successfully negotiated these checks, resulting in significant losses to Religious Organization #1.

**THE WIRE IN FURTHERANCE OF THE SCHEME**

8. On or about August 14, 2020, in Upper Darby Township, in the Eastern District of Pennsylvania, and elsewhere, defendant

**WILLIE JORDAN**,

for the purpose of executing the scheme and artifice to defraud described above, caused to be transmitted by means of wire communication in interstate commerce the following writings,

3

signs, signals, pictures, and sounds: defendant JORDAN's negotiation of check #1943, drawn on the account of Religious Organization #1 at Citizens Bank, made payable to defendant JORDAN for $1,500, which check was negotiated at the Upper Darby Branch of Citizens Bank, resulting in a wire communication with the servers of Citizens Bank, located in Riverside, Rhode Island. The check included the false notation, "Summer Youth Program 2020," when, in fact, the proceeds of the check were for the personal use of defendant JORDAN.

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWO

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

At all times material to Count Two of this information:

1. Political Organization #1 was a ward known to the United States Attorney and located in Philadelphia, Pennsylvania. Political Organization #1 was one of 66 wards in Philadelphia and a subdivision of Political Organization #2, which represented the interests of a political party in the City of Philadelphia. Political Organization #1 elected a leader from qualified voters and registered members in Political Organization #1 who were of the same political party as Political Organization #2.

2. From in or about 1996 through in or about April 2025, defendant WILLIE JORDAN was the elected leader of Political Organization #1. Defendant JORDAN controlled and managed the finances of Political Organization #1. Defendant JORDAN did not receive a salary from Political Organization #1. Rather, he received his salary from the Commonwealth of Pennsylvania, where he was a Director of Operations for a state senator.

3. Political Organization #1 was a registered Political Action Committee ("PAC") with the City of Philadelphia. PACs were required to file routine campaign finance reports ("CFRs") detailing the PACs' receipts and expenditures of funds. Defendant WILLIE JORDAN filed CFRs for Political Organization #1 as leader of the organization.

## THE SCHEME TO DEFRAUD

4. From at least in or about January 2020, through at least in or about January 2024, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**WILLIE JORDAN**

knowingly and intentionally devised and intended to devise a scheme and artifice to defraud Political Organization #1 and to obtain the funds of Political Organization #1 by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

It was part of the scheme that:

5. During the time that defendant WILLIE JORDAN served as the elected leader of Political Organization #1, defendant JORDAN exploited Political Organization #1 for his personal financial benefit.

6. Defendant WILLIE JORDAN opened two bank accounts in name of Political Organization #1 in the Eastern District of Pennsylvania -- one at Sun East Federal Credit Union (account ending in #1182), and the other at Freedom Credit Union (account ending in #8650). Defendant JORDAN made himself the sole signatory on the accounts in the name of Political Organization #1 and obtained, for both accounts, debit cards which he controlled.

7. On a regular basis, defendant WILLIE JORDAN improperly conducted financial transactions, through debit card charges, checks, and ATM cash withdrawals, using Political Organization #1's bank accounts to transfer the funds of Political Organization #1 to himself or others, for his personal benefit. Defendant JORDAN engaged in this activity

6

fraudulently and without the knowledge or permission of Political Organization #1 or its members.

8. Defendant WILLIE JORDAN repeatedly filed false CFRs with the City of Philadelphia to conceal his fraudulent conduct and create the appearance that defendant JORDAN was using the funds of Political Organization #1 for legitimate purposes. Defendant JORDAN accomplished this by omitting from the CFRs the financial transactions he conducted for his personal benefit using Political Organization #1's funds, reporting false transactions that appeared legitimate, and inflating the value of other legitimate transactions. In doing so, defendant JORDAN falsely accounted for the total expenses of Political Organization #1 as reflected in its bank records.

9. Defendant WILLIE JORDAN used Political Organization #1's funds for personal purchases at airlines, car dealerships, furniture stores, grocery stores, and other retail establishments. He also used those funds to pay his personal credit card bills, utility bills, and cellular telephone bills. In or about the summer of 2023, defendant JORDAN used the funds of Political Organization #1 to pay more than $12,500 in expenses for a family member's funeral. Defendant JORDAN engaged in these personal financial transactions without any benefit flowing to Political Organization #1 and without the knowledge or permission of any of its members.

10. As part of this scheme, defendant WILLIE JORDAN defrauded Political Organization #1 and its members of at least $85,607.

## THE WIRE IN FURTHERANCE OF THE SCHEME

11. On or about June 8, 2023, in Springfield, in the Eastern District of Pennsylvania, and elsewhere, defendant

**WILLIE JORDAN**,

for the purpose of executing the scheme and artifice to defraud described above, caused to be transmitted by means of wire communication in interstate commerce, the following writings, signs, signals, pictures, and sounds: defendant JORDAN's use of the Freedom Credit Union VISA debit card of Political Organization #1 to make purchases for $813.80 for the personal benefit of defendant JORDAN at BJ's Wholesale Club in Springfield, Pennsylvania, which transaction was electronically processed through the data centers of BJ's Wholesale Club, located in Somerville, Massachusetts, and Reston, Virginia.

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Section 1343, set forth in Counts One and Two of this information, defendant

**WILLIE JORDAN**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such violations, including, but not limited to, the sum of as much as approximately $142,991 (forfeiture money judgment).

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant(s):

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

_____
**DAVID METCALF**
**UNITED STATES ATTORNEY**

*No.*_ _ _ _ _ _ _ _ _ _ _

## UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

## THE UNITED STATES OF AMERICA

vs.

## WILLIE JORDAN

### INFORMATION

**18 U.S.C. § 1343 (wire fraud – 2 counts)**
**Notice of forfeiture**

A true bill.

_____
Foreman

Filed in open court this _____day,
Of _____A.D. 20_____
_____
Clerk

Bail, $_____